UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00350-MRA-JDE | Date | October 23, 2026 |
| Title | *Javier Rojas v. General Motors LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Priscilla Deason for Melissa H. Kunig | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [13]**

Before the Court is Plaintiff's Motion to Remand. ECF 13. The Court read and considered the briefing related to the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **DENIES** the Motion.

## I. BACKGROUND

Plaintiff Javier Rojas filed this action on October 21, 2025, in Orange County Superior Court. ECF 1-1. Plaintiff brings claims against Defendants General Motors LLC ("GM" or "Defendant") and Does 1-10 for violations of the Song-Beverly Act ("SBA") under California Civil Code §§ 1790 *et seq*. *Id.* ¶¶ 8-33. Plaintiff's claims stem from his purchase of a 2021 GMC Sierra 1500 Crew Cab (the "Subject Vehicle") on or about August 27, 2021. *Id.* ¶¶ 6, 9. Plaintiff alleges that after purchase, the Subject Vehicle began manifesting various defects, including defects to the engine system, and that Defendants failed to adequately repair or replace the Subject Vehicle in compliance with the SBA. *Id.* ¶¶ 12-15. Plaintiff seeks actual damages "in an amount according to proof," restitution, a civil penalty two times the amount of actual damages under Cal. Civ. Code § 1794(c), consequential and incidental damages according to proof, remedies authorized by California Commercial Code §§ 2711, 2712, and 2713, attorney's fees and costs, and "other equitable or legal relief as the Court may deem proper." *Id.* at 11. On January 7, 2026, while the case remained in state court, Plaintiff produced the Subject Vehicle's Sales Agreement to GM as part of his initial disclosures. ECF 13 at 13.

On February 17, 2026, GM removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. ECF 1. Plaintiff filed the instant Motion arguing that the removal was untimely and Defendant has failed to meet its burden as to the amount in controversy requirement.

ECF 13. GM opposes the Motion, ECF 16, and Plaintiff replied in support, ECF 18.

## II. LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Removal of a state action to federal court is proper only if the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A federal district court has diversity jurisdiction to hear an action where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

In addition, a notice of removal must be filed within 30 days of the initial pleading or summons if, using a "reasonable amount of intelligence," the grounds for removability can be ascertained from such pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). If the complaint does not reveal the grounds for removal, the notice of removal must be filed within 30 days of the defendant receiving an "amended pleading, motion, order or other paper" that reveals removability on its face. 28 U.S.C. § 1446(b)(3); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). This "other paper" must establish that removability is "unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021).

The removing defendant bears the burden of establishing that removal is proper. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[A] notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)). But "evidence showing the amount in controversy is required . . . when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* (quotation marks and citation omitted). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88. "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (quoting *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

## III. DISCUSSION

At the outset, Plaintiff's arguments in his Motion are seemingly contradictory. Plaintiff argues both that Defendant did not timely remove because the amount in controversy was evident from the face of the complaint and that Defendant has not met its burden of establishing subject matter jurisdiction at the time of removal because it cannot prove that the amount in controversy exceeds $75,000. *See* ECF 13 at 11-16. Plaintiff's reply in support of his motion did not address these inconsistencies, which were raised by Defendant in its opposition. *See* ECF 16, 18. Regardless, for the reasons described below, the Court finds that Defendant timely removed this action and satisfies the amount in controversy requirement.

### A. Timeliness of Removal

With respect to the timing of removal, "[t]here are two different potential . . . deadlines." *Franklin v. Healthsource Glob. Staffing, Inc., et al.*, No. 23-CV-0662-AGS-DEB, 2024 WL 1055996, at *2 (S.D. Cal. Mar. 11, 2024). The first potential deadline is triggered if an initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris*, 425 F.3d at 691; *see also* 28 U.S.C. § 1446(b)(1). "If an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered." *Avina v. Ford Motor Co.*, No. CV 23-10573 PA (Ex), 2024 WL 688664, at *2 (C.D. Cal. Feb. 20, 2024). The second potential deadline for removal is triggered "after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). Beyond those two deadlines, a defendant may remove a case where it "could have ventured beyond the pleadings to demonstrate removability initially[.]" *Kuxhausen*, 707 F.3d at 1141 n.3. However, it is not "obligated to do so." *Id.* In *Kuxhausen*, the Ninth Circuit explained that a defendant is not obligated to "look[] in its files within the first thirty days" after a case is filed to determine removability because the court preferred a "clear rule" and was "unwilling to embroil the courts in inquiries 'into the subjective knowledge of [a] defendant[.]'" *Id.* at 1141 (quoting *Harris*, 425 F.3d at 695). Therefore, in *Kuxhausen*, the court "decline[d] to hold that materials outside the complaint start the thirty-day clock." *Id.*

Plaintiff argues that (1) the amount in controversy is ascertainable from the face of the complaint, thereby triggering the first 30-day window for removal under § 1446(b)(1); and (2) even if the complaint was insufficient to trigger the deadline, Defendant's receipt of the Sales Agreement would have resolved "any remaining doubt" as to removability, thereby triggering the second 30-day window under § 1446(b)(3). ECF 13 at 11-14. The Court disagrees on both counts.

The complaint does not state a specific amount of damages. Rather, the complaint requests restitution, incidental and consequential damages, civil penalties two times the actual damages, and attorney's fees. ECF 13 at 11 (citing ECF 1-1). Nevertheless, Plaintiff argues that Defendant had "more than sufficient information at its disposal" for a "plausible allegation" that the jurisdictional threshold of $75,000 was met. ECF 13 at 11-12. In support, Plaintiff points to GM's "ability to ascertain an approximation of the Subject Vehicle's market value," and the fact that the civil case cover sheet indicated that the complaint was brought pursuant to the state court's unlimited jurisdiction, which requires seeking damages above $35,000. *Id.* at 12-13. However, in the Ninth Circuit, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694; *see also Kuxhausen*, 707 F.3d at 1140 ("[D]efendants need not make extrapolations or engage in guesswork" to ascertain the amount in controversy from the face of the complaint.) Given that the complaint did not provide a specific amount in controversy or "specific facts that would allow Defendant to make simple calculations to ascertain" this amount, the complaint was not facially removable. *See Fortune v. Gen. Motors, LLC*, No. CV 25-7300-JFW(JCX), 2025 WL 2866659, at *3 (C.D. Cal. Oct. 7, 2025).

In addition, Plaintiff's reliance on the "plausible allegation" standard under *Dart Cherokee Basin Operating Co.* is misplaced. *See* ECF 13 at 12 (citing 574 U.S. at 89). In *Dart*, the Supreme Court concluded that where a notice of removal contains a "plausible allegation" that the amount in controversy requirement is met, removal is proper. 574 U.S. at 89. But this is a separate standard from when the clock begins to run under § 1446(b). "[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are *not* two sides of the same coin." *Kuxhausen*, 707 F.3d at 1141 n. 3 (emphasis added); *see also Dietrich*, 14 F.4th at 1094 ("[A] defendant *may* remove before it *must* do so.") (citing *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121 (9th Cir. 2013)). Rather, to show a procedural defect in Defendant's removal under § 1446(b)(1), removability must be "ascertainable from the four corners of the complaint." *Vasquez v. Nissan North America, Inc.*, No. CV 24-302-GW-Ex, 2024 WL 4452776, at *2 (C.D. Cal. March 7, 2024) (quoting *Alvarez-Munguia v. Ford Motor Co.*, No. 23-cv-02751-BLF, 2024 WL 69076, at *4 (N.D. Cal. Jan. 5, 2024)). Here, where Plaintiff's complaint included no specific amount of damages, costs, or fees or any information from which Defendant could have ascertained the amount in controversy, this standard is not met.

Defendant also points out that the complaint alleges that Plaintiff is a "resident" of California and "omits [Plaintiff's] citizenship." ECF 16 at 12. Thus, GM argues that based on the complaint, removability was in question as to diversity as well as the amount in controversy. *See id.* at 21. Plaintiff did not respond to this argument in his Reply, thereby waiving the issue.

*See America's Frontline Doctors v. Wilcox*, No. EDCV 21-1243 JGB (KKx), 2022 WL 1514038, at *12 (C.D. Cal. May 5, 2022) ("Plaintiffs fail to respond to [d]efendants' arguments; failure to oppose constitutes waiver or abandonment of the issue.").

Plaintiff's argument that his production of the Sales Agreement to Defendant on January 7, 2026, began the 30-day clock under § 1446(b)(3) also fails. For an "amended pleading, motion, order, or other paper" to begin the 30-day clock, the document must "make a ground for removal unequivocally clear and certain[.]" *Dietrich*, 14 F.4th at 1095. While the Sales Agreement included the Subject Vehicle's sale price, it did not include all information necessary to reach this threshold. The damages available for Plaintiff's claims are subject to various offsets; thus, without the information necessary to calculate such offsets, the sales price alone does not provide an "unequivocally clear and certain" ground for removal. *See Stewart v. General Motors LLC*, No. 2:25-cv-07153-SPG-MAA, 2025 WL 2848991, at *3-4 (C.D. Cal. Oct. 7, 2025) (purchase price is insufficient to make removability "unequivocally clear and certain" under the Magnuson-Moss Warranty Act, which borrows the SBA's calculation of damages); *Watanabe v. General Motors LLC*, No. 2:25-cv-07006-SPG-E, 2025 WL 2848993, at *3-4 (C.D. Cal. Oct. 7, 2025) (same); *Lopez v. General Motors, LLC*, No. CV 25-06549-MWF(MAAx), 2025 WL 2629545, at *3-4 (C.D. Cal. Sept. 11, 2025) (disclosures that included sales price and repair orders insufficient to make removal "unequivocally clear and certain" because offsets could not be calculated).

In summary, the grounds for removal were neither ascertainable from the face of the complaint nor "unequivocally clear and certain" from the Sales Agreement. *Dietrich*, 14 F.4th at 1095. Accordingly, neither 30-day clock was triggered, and Defendant timely removed this action.

### B. Amount in Controversy

The Court next turns to Plaintiff's argument that Defendant cannot establish that the amount in controversy exceeds $75,000. ECF 13 at 14-16. Defendant removed this action based on diversity jurisdiction, arguing that its preliminary investigation revealed that the parties are diverse and the amount in controversy exceeds $75,000. ECF 1 at 3-6. Defendant then responded to Plaintiffs' challenge in this Motion by providing evidence that the amount in controversy requirement is satisfied. ECF 16. After reviewing the evidence presented, the Court finds that Defendant has met its burden.

In determining the amount in controversy, courts must consider the "maximum recovery the plaintiff could reasonably recover." *Arias*, 936 F.3d at 927. "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:26-cv-00350-MRA-JDE | Date | October 23, 2026 |
| Title | *Javier Rojas v. General Motors LLC, et al.* | | |

complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Id.* This Court agrees with multiple courts that have held that civil penalties, in addition to actual damages, should be considered because they are part of what Plaintiffs have put in controversy in the underlying litigation. *See Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023) (collecting cases).

Under the SBA, damages are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2(d)(1). Plaintiffs argue that Defendant's actual damages assertion in the Notice of Removal is conclusory and speculative because "Defendant has not identified any factual allegations in the Complaint or produced any evidence showing that Plaintiffs' actual damages approach or exceed $75,000," and Defendant's estimate "ignores the statutory mileage offset." ECF 13 at 14-15. In response, Defendant submitted the Sales Agreement showing that the vehicle's total sale price was $91,380 and its cash price was $55,146. ECF 16-1, Declaration of Philip Crane Raucci ("Raucci Decl.") ¶ 2; ECF 16-2 (providing a copy of the purchase agreement as Ex. A). Applying the mileage offset formula set forth in the SBA, Defendant then identifies an offset of $30,382.37. ECF 16 at 24. For this estimate, Defendant relies on repair records, arguing that the first potentially relevant presentation of the Subject Vehicle for repair was July 17, 2023. ECF 16-3 (providing a copy of the vehicle repair history as Ex. B). At the time of Plaintiff's purchase, the Subject Vehicle had only six miles on the odometer; when it was presented for repair on July 17, 2023, the odometer had 40,945 miles,[1] reflecting use by the Plaintiff of 40,939 miles. Based on the Court's calculation, this would result in a mileage offset of $18,813.52.[2] Defendant identifies $10,802 in additional offsets for optional third-party contracts.[3] Defendant also provides a payoff letter for Plaintiff's loan, which demonstrates that Plaintiffs' payoff amount at the time of removal was approximately $36,341.11.[4] Defendant includes an additional 12 months of payments, which the purchase agreement lists at $1,058.10 per month, because it is unlikely the case will settle. *Id.* at 24-25; Raucci Decl. ¶ 2; ECF 16-2. Subtracting these offsets from the purchase price, Defendant has established by a preponderance

[1] Defendant's opposition includes a typographical error. The repair records indicate that the mileage on the odometer was 40,945, not 40,495. *See* ECF 16 at 24; ECF 16-3.

[2] Dividing the number of miles driven before the first repair attempt (40,939) by 120,000 and then multiplying the resulting figure by the cash price of the subject vehicle ($55,146) rather than the total sale price, results in an estimated mileage offset of $18,813.52. Cal. Civ. Code § 1793.2(d)(2)(C). *See Zatar v. General Motors LLC*, No. 2:25-cv-10272-HDV-AGR, 2026 WL 263200, at *2 (C.D. Cal. Jan. 28, 2026) (using cash price to calculate mileage offset).

[3] ECF 16 at 24 (citing Raucci Decl. ¶ 2, Ex. A; Cal. Civ. Proc. Code § 871.27).

[4] ECF 16 at 24; Raucci Decl. ¶ 4; ECF 16-4 (copy of the payoff letter as Ex. C).

of the evidence that the actual damages at issue are at a minimum **$38,120.57**.[5]

Under the SBA, the maximum civil penalty is two times the amount of actual damages. Cal. Civ. Code § 1794(c). Plaintiff alleges that Defendant willfully violated the SBA and seeks "a civil penalty in the amount of two times Plaintiff's actual damages." ECF 1-1 at ¶¶ 17, 24, 28; *id.* at 11. Based on the estimated damages, Defendant submits that adding the maximum civil penalties available brings the amount in controversy to $118,508.22. ECF 16 at 25. Adjusting for the correct mileage offset calculation, the Court calculates the amount in controversy, including actual damages and the maximum civil penalty, to be **$114,361.71**. Plaintiffs argue that Defendant has not proffered any evidence to support that such a penalty is likely to be awarded. ECF 13 at 15-16. But doing so "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *Selinger*, 2023 WL 2813510 at *9 ("[B]y alleging willfulness and requesting the maximum of civil penalties, Plaintiff has put the maximum amount of civil penalties in controversy, and that amount should therefore be included."). Moreover, Defendant has presented evidence that the vehicle was presented for repair at least three times, which would support Plaintiffs' claim that Defendant willfully failed to repair the vehicle. *See* Raucci Decl. ¶ 3, Ex. B. Thus, Defendant has done enough to establish the potential for civil penalties.

The SBA also allows for the recovery of attorneys' fees. *See* Cal. Civ. Code § 1794(d). Contrary to Plaintiffs' contention, Defendant's attorney's fees estimates are well supported and sufficient to meet its burden. Defendant provides a fee estimate of **$15,000.00** based on Defense counsel's "prior experience with Prestige Legal Solutions, and after evaluating billable hours for work performed on federal motion practice in recent months," Raucci Decl. ¶ 5, as well as Defendant's assessment after engaging with Plaintiffs' counsel that the case is unlikely to settle, ECF 16 at 26-27. Defendant also identifies in its opposition Plaintiff's counsel's recent demands in dozens of similar remand motions and provides examples of Plaintiff's counsel's rates and billing practices. *Id.* Based on this information, the Court is satisfied that the estimated fees are substantive and reasonable.

Thus, considering all these factors, Defendant has established by a preponderance of the evidence that the maximum recovery Plaintiffs could reasonably recover is at least **$129,361.71**. This exceeds the amount in controversy requirement. Accordingly, the Court has diversity

---

[5] Defendant reaches a total estimate of actual damages of $39,502.74. ECF 16 at 25. It is unclear how Defendant reached this total amount, given the offset values calculated by Defendant. Based on the evidence provided to the Court in the form of the Sales Agreement, repair records, and loan letter, the Court relies on its own calculation of estimated actual damages.

jurisdiction over this action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand [13] is **DENIED**.

It is further **ORDERED** that the parties file a Joint Supplemental 26(f) Report of no more than five (5) pages with any updates to the original 26(f) Report (ECF 15) and a separate proposed Schedule of Pretrial Dates Worksheet (available on the Court's procedures page) **within seven (7) days** of this Order to account for the Court's delay in resolving this Motion. The Court shall issue a Civil Trial Order upon receiving the parties' proposed pretrial dates.

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk Pd/mku